# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID ERIC BRISTOW,<br><br>Defendant. | Case No. 3:22-mj-00258-KFR |

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, William Cameron, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND TASK FORCE OFFICER BACKGROUND

1. I have been a police officer with the Anchorage Police Department (APD), and employed by the Municipality of Anchorage, since 2005. I am currently assigned to the APD Detective Division in the Cyber Crimes Unit (CCU) and Alaska Internet Crimes Against Children (ICAC) Task Force. Prior to that I worked as an APD Community Action Policing (CAP) officer and started my career as a patrol officer working the street investigating all levels of crimes. During my time with APD I have investigated and been part of several investigations relating to narcotic, theft, sexual assault, domestic violence, homicide, robbery, assault, and crimes against children offenses. I was an active member of the APD Crime Scene Investigation Team as well.

1

2. In 2015, I was promoted to the APD Detective Division and held an assignment within the Crimes Against Children Unit (CACU). While a part of CACU I conducted interviews with victims, witnesses, and suspects (both adult and juveniles) regarding crimes involving sexual assault against both adult and minor victims. I also received specialized training in child forensic interviewing. Specifically, I have been trained to conduct forensic interviews with children using the Child First interview models. I have further attended multiple courses on interviewing and questioning methods relating to criminal investigations, as well trainings on the investigations of sexual assault offenses.

3. In 2017, I moved from APD CACU to the APD CCU and the Alaska ICAC Task Force. As a CCU Detective I am specifically dedicated to identifying and investigating all internet offenses against children, namely the manufacturing, possession, receipt and distribution of child pornography as well as the online enticement of minors for sexually explicit conduct. In this assignment I have been specifically trained in utilizing undercover methods to employ online and through bit torrent file sharing programs.

4. Currently as a CCU Detective I am also assigned as a Task Force Officer (TFO) with the Federal Bureau of Investigations (FBI) Violent Crimes Against Children (VCAC) and Human Trafficking team at the Anchorage Field Office within the District of Alaska. During this assignment, I have focused on identifying and investigating child

pornography, kidnapping and human trafficking offenders. I have also assisted with investigations into drug offenses, gangs investigations, and criminal enterprises in my current role.

5. With the above assignments and investigation experience, I have conducted and participated in a number of search warrants and arrest warrants, and interviewed people involved in local, state, and federal investigations.

6. I make this affidavit in support of a criminal complaint against DAVID ERIC BRISTOW for violating 18 U.S.C. §§ 2251(a) and (e), Sexual Exploitation of a Child, Production of Child Pornography and 18 U.S.C. § 2252A(a)(5), Possession of Child Pornography.

   a. The relevant statutory terms used in this affidavit in support of the criminal complaint are defined as follows:

      i. **"Child pornography"** means any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct, inter alia. 18 U.S.C. § 2256(8).

      ii. **"Minor"** means any person under the age of eighteen years. 18 U.S.C. § 2256(1).

3

iii. **"Sexually explicit conduct"** means actual or simulated sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; bestiality; masturbation; sadistic or masochistic abuse; or lascivious exhibition of the anus, genitals, or pubic area of any person. 18 U.S.C. § 2256(2)(A).

*Investigation*

7. In my investigation, I learned of the following information after communicating with State of Alaska Probation Officer (PO) CUPP as well as data provided by PO CUPP, APD Cyber Crimes Lab, and APD reports.

   a. In March 2012, the State of Alaska charged DAVID ERIC BRISTOW, DOB 8/24/1959, with multiple counts of possession and distribution of child pornography offenses in Superior Court number 3AN-12-3434CR. BRISTOW entered a guilty plea in that matter to Possession of Child Pornography in February 2013.

   b. On October 6, 2017, BRISTOW was released from prison from the above case, 3AN-12-3434CR, and began his six-year term of adult probation supervised by the State of Alaska.

   c. On September 30, 2021, Alaska State Probation Officers, Anchorage office ("Probation") conducted a probation search in accordance with BRISTOW's conditions of probation at his residence located at 14116 Old

4

Seward Highway in Anchorage, Alaska. BRISTOW was not present at his residence at that time, but was notified telephonically by Probation that the search was taking place. I have reviewed those conditions of probation and they include a general condition of probation requiring BRISTOW to "submit to a search of your person, personal property, residence, or any vehicle in which you may be found for the presence of sexually explicit material" and a special condition of probation requiring him to submit to a search of his residence for digital devices.

d. On September 30, 2021, while PO Cupp was conducting a search of the "daughter's bedroom" (AB) he noticed the bed mattress was sitting elevated on the right side, toward the head of the bed. PO Cupp lifted the mattress and discovered several "jump drives" and a tablet type computer device. This observation was also verified by PO Landeis. These items were then seized consistent with BRISTOWs probation conditions as described above.

e. On October 5, 2021, BRISTOW contacted Probation to explain that he was bedridden at a friend's house in Wasilla due to a back injury. BRISTOW further indicated that he would be present at the Probation office for an in-person report on October 7, 2021. BRISTOW, however, did not report on October 7, 2021.

5

f. On October 13, 2021, BRISTOW contacted Probation again and reported a new residence in Wasilla, located at 44124 E. Birch in Wasilla, Alaska and explained that he had updated his State of Alaska Sexual Offender Registry (SOR) with said address. At that time, according to the SOR, BRISTOW had not updated his address and was on the State list as a non-compliant sex offender since September of 2021.

g. Per Probation, multiple attempts were made to contact BRISTOW with no contact made since October 13, 2021. Since that time BRISTOW has not reported to Probation as required and his location is currently unknown.

h. The seized devices from BRISTOW's residence were given to APD CCU for forensic evaluation on October 21, 2021, via the APD Cyber Crimes Forensic Lab. APD detectives subsequently analyzed these seized devices and observed child pornography contained within them.

i. On October 27, 2021, Probation left a message for BRISTOW requiring him to report to the Probation office in Anchorage by 13:00 hour that day or a warrant would be filed based on his failure to report.

j. On November 3, 2021, APD CCU Detective M. THOMAS applied for a warrant (3AN-21-4251SW) to search the devices seized from BRISTOW's residence during the September 30, 2021 probation search. It was granted by Anchorage District Court Judge Clark. APD CCU Tech WORTHY conducted the further forensic evaluation and found a significant amount of

child pornography files as well as other documents belonging to BRISTOW, including his own images.

8. On November 9, 2021, your affiant was referred this matter for further investigation. At that time BRISTOW's whereabouts were still unknown as he had absconded. Your affiant placed a "locate" in an attempt to conduct an interview with BRISTOW in the Alaska Public Safety Information Network (APSIN) system at this time.

9. Per Probation, on January 18, 2022, BRISTOW was contacted in Anchorage, Alaska by APD at the residence of another individual, located at 829 Oceanview Dr., and BRISTOW was arrested on his outstanding felony and misdemeanor warrants (3AN-12-03434CR and 3AN-21-8612CR) with a total bail set at $2000. Shortly later that same day BRISTOW bailed himself out of jail. Neither your affiant nor Probation were notified or contacted at the time of this incident or his arrest.

10. Probation was later notified of BRISTOW's arrest and release on January 19, 2022. Probation then attempted make contact with BRISTOW by phone, notifying him that he is required to report to the office for a check-in that day. BRISTOW did not show up to the office per Probation's request thus Probation re-contacted BRISTOW a second time via phone and advised him to be in the office for an in-person check-in on January 20, 2022. BRISTOW did not show up to this required check-in either, and again his whereabouts continue to remain unknown.

11. On January 21, 2022, Probation then entered a second arrest warrant into the APSIN system for BRISTOW for his failure to appear (Amended from original PTRP warrant, 3AN-12-03434CR).

12. On January 31, 2022, per Probation Officer CUPP, BRISTOW was officially listed within their probation computer system as absconded.

13. In early February 2022 your affiant reviewed several files that were forensically analyzed by APD CCU Techs following state search warrant 3AN-21-4251SW, allowing law enforcement to search the devices seized from BRISTOW's residence. During this review, I observed that the analysis uncovered a large amount of child pornography files on these devices.

14. Your affiant further investigated by reviewing the contents of the uncovered child pornography from these devices. Among the child pornography I reviewed, I specifically located multiple images of an unknown minor prepubescent female, VICTIM 1, estimated to be between 4 and 7 years old, engaged in sexually explicit conduct with an older adult male who I believed to be BRISTOW. These images were located within the drives that Probation seized from the bedroom within BRISTOW's residence on September 30, 2021. The face of this adult perpetrator was partially visible.[1]

15. Your affiant reviewed the following file titles that were found and identified as child pornography in BRISTOW's seized drives involving the use of VICTIM 1 and the same adult male believed to be BRISTOW, as described below:

---

[1] The images described below were found on a device The tag # 1266631 which is a generic flash drive manufactured by ONN. ONN is a Walmart brand flash drive. Walmart is a U.S. entity incorporated in Arkansas, and these ONN devices are manufactured either in the Republic of China (Taiwan) or People's Republic of China.

8

a. **TITLE: 00FE92C92035E2C409B4E8EEA578C70EA3D7C570** depicted VICTIM 1 engaged in sexually explicit conduct with BRISTOW. She is nude, lying on her back atop a patterned blanket or bedding. It appears the image is taken within a residential room, possibly a bedroom. VICTIM 1 is holding onto the adult male's head with both hands. The adult male's head is positioned between the spread legs of VICTIM 1 and he is performing oral sex on her. There are no others observed in the image other than the VICTIM 1 and the adult male.

b. **TITLE: 0CBCCCB2CCA4A2F78E17C7BD460ABDD2236125CD** lasciviously displayed VICTIM 1. VICTIM 1 is completely nude, sitting on her buttocks facing the camera with her legs spread open. Her genitals are exposed. The camera image cuts off the minor's head above the nose. The camera angle is directly in front of her. There are no other individuals observed in the image.

c. **TITLE: 0DD8D9C84B56C00CF122A845A6C780D06084D078** exhibited VICTIM 1 in a lascivious manner. VICTIM 1 is completely nude, leaning back while sitting on her buttocks. She appears to be sitting on top of a tan blanket. The juvenile has her legs spread open with her genitals exposed to the camera. The image is cut off at the minor's head at her nose. There are no other individuals observed in the image.

9

d. **TITLE: 2DBFABCDDA1C2717C63AA542D8FAE2446F71702B**

   depicted VICTIM 1 engaged in sexually explicit conduct. VICTIM 1 is completely nude, sitting on her buttocks on top of what appears to be a white blanket. VICTIM 1 is holding onto the male's erect penis with both hands, appearing as though she is masturbating it. The camera angle is taken from the male's perspective looking down at the penis and minor. VICTIM 1's face is clearly visible and unobstructed in this image.

e. Your affiant believes the adult male observed in these images, who was sexually abusing VICTIM 1, is BRISTOW based on the following information:

   i. These images were located on devices seized from BRISTOW's residence, and the individual believed to be BRISTOW is observed in three of the four images.

   ii. I evaluated a current DMV picture of BRISTOW and then compared it to the adult male in the images where his face was visible. The hair color, facial build, complexion, and distinctive nose, of the adult male in the images matched BRISTOWs current DMV photo, which exhibited similar distinct features.

   iii. I further believe that these images appeared older, possibly produced in its original format from film. These images of BRISTOW depicted him at a younger age.

10

iv. I am further informed by my training and experience, as mentioned above, as well as BRISTOW's past criminal history involving child pornography.

16. Based on my training and experience, I know that individuals who possess and distribute child pornography tend to hold onto these materials for extended lengths of time due to general difficulties finding and accessing child pornography. I further know that individuals who *self-produce* child pornography hold onto said materials even more so. Individuals who produce child pornography of themselves performing the sexual abuse highly value their memorialized conduct, and the resulting child pornography production holds closer meaning to that individual than other child pornography in their possession.

17. On February 25, 2022, your affiant requested from Probation any known pictures of BRISTOW's family. Probation provided me with a family picture of BRISTOW's ex-wife, JESSICA DOWLING, and minor daughter, AB. I compared the picture of BRISTOW's daughter with images of VICTIM 1 from the child pornography described above and believe that BRISTOW's daughter has features that are consistent with VICTIM 1, including similar chin, face contour and shape, hair type and color, and eye shape.

18. On April 6, 2022, your affiant coordinated with out-of-state FBI office to have BRISTOWs ex-wife, DOWLING, and daughter, AB (a minor), contacted and interviewed. This lead was assigned to FBI Special Agent KAYLEE JOHNSON. Your

11

affiant forwarded censored images of BRISTOW sexually abusing VICTIM 1 (the child pornography that I described above) to assist with SA JOHNSON's interview process.

19. On April 19, 2022, SA JOHNSON contacted DOWLING and scheduled interviews with her as well as scheduled a Child Advocate Forensic Interview (CAFI) interview with AB. On April 21, 2022, SA JOHNSON conducted the interview with DOWLING. From the interview, SA JOHNSON learned that BRISTOW and DOWLING still have continued daily contact; that DOWLING still assists BRISTOW financially; and that BRISTOW has contact with AB.

20. On April 26, 2022, a CAFI was conducted with AB. During that interview no disclosures were made regarding any sexual abuse. SA JOHNSON and the CAFI showed the censored images of VICTIM 1 to AB and DOWLING to assist in the interview. AB and DOWLING made no disclosures regarding the images.

21. Your affiant has notified the United States Marshals Service's Sex Offender Task Force about the investigation related to BRISTOW as he is still considered a non-compliant sexual offender.

//

//

//

//

//

//

12

## CONCLUSION

22. Based upon the information above, your affiant submits there is probable cause to believe that BRISTOW committed the following crimes: 18 U.S.C §§ 2251(a) and (e), Sexual Exploitation of a Child, and 18 U.S.C. §§ 2252A(a)(5), Possession of Child Pornography.

_____
Det. William Cameron
Task Force Officer
Federal Bureau of Investigation

Subscribed and sworn pursuant to Fed.R.
Crim. P.4.1 and 41(d)(3) on July __19__, 2022

_____
Kyle F. Reardon
United States Magistrate Judge
District of Alaska